UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR F. MUNOZ, | NO. CV 17-8541-RGK(E) |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| GREGORY TOTTEN, | |
| Respondent. | |

**PROCEEDINGS**

On November 22, 2017, Petitioner, who is not a prisoner, filed a "Writ of Habeas Corpus, etc." ("Petition"). The Petition appeared to challenge both Petitioner's 1990 conviction for sex offenses and Petitioner's 2017 conviction for failing to register as a sex offender. On November 30, 2017, the Magistrate Judge filed an "Order Requiring Answer to Petition for Writ of Habeas Corpus." On March 22, 2018, Respondent filed a "Motion to Vacate Order Requiring Answer to Petition, etc." ("Motion").

///

Thereafter, the Magistrate Judge granted Petitioner two continuances to file an opposition to the Motion. Despite the continuances, Petitioner did not file any timely opposition. Accordingly, on July 3, 2018, the Magistrate Judge filed a Report and Recommendation recommending denial and dismissal of the Petition without prejudice for failure to prosecute.

On July 30, 2018, Petitioner filed another request for a continuance. On July 31, 2018, the Magistrate Judge granted Plaintiff a continuance to file objections to the Report and Recommendation. On August 22, 2018, Plaintiff filed an "Objection, etc." This Objection reflects Petitioner's intent belatedly to oppose the Motion and also contains Petitioner's arguments in opposition to the Motion. On August 29, 2018, the Magistrate Judge withdrew the July 3, 2018 Report and Recommendation.

**BACKGROUND**

In 1990, in Ventura County Superior Court case number CR-25901, a jury found Petitioner guilty of one count of forcible rape, four counts of unlawful sexual intercourse, one count of oral copulation and one count of sexual penetration by a foreign object (Petition, p. 9; Respondent's Lodgment 1, p. 1; see "Report and Recommendation of United States Magistrate Judge on a Petition for Writ of Habeas Corpus By a Person in State Custody," filed July 12, 1993 in Munoz v. Myers, United States District Court for the Central District of California case number CV 92-5280-WMB(EE) [Respondent's Lodgment 3]). Petitioner received a ten-year prison sentence (Respondent's Lodgment 1, p. 1).

1 | The California Court of Appeal affirmed the judgment on January 30, 1992 (Respondent's Lodgment 1). The California Supreme Court denied Petitioner's petition for review on April 22, 1992 (Respondent's Lodgment 2).

In 1992, Petitioner filed a habeas corpus petition in this Court challenging his 1990 conviction in Ventura County Superior Court case number CR-25901. See Munoz v. Myers, CV 92-5280-WMB(EE); Respondent's Lodgment 3. On July 12, 1993, the Magistrate Judge issued a "Report and Recommendation, etc." recommending denial and dismissal of the petition with prejudice (Respondent's Lodgment 3). On August 12, 1993, the Magistrate Judge issued a "Final Report and Recommendation, etc." recommending dismissal of the action on the merits with prejudice (Respondent's Lodgment 4). On August 13, 1993, the District Judge issued an "Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge" (Respondent's Lodgment 5). Judgment was entered on August 19, 1993 (Respondent's Lodgment 6). The United States Court of Appeals for the Ninth Circuit dismissed Petitioner's appeal for failure to comply with "the rules requiring processing the appeal to hearing" (Respondent's Lodgment 7).

In 2017, in Ventura County Superior Court case number 2014015098, Petitioner pled guilty to failing to register annually as a sex offender (see Respondent's Lodgment 8, p. 40). At sentencing on December 19, 2017 (after Petitioner filed the present federal Petition), the court imposed three years' formal probation (Respondent's Lodgment 8, pp. 42-43).

///

**DISCUSSION**

Respondent contends: (1) to the extent the Petition challenges the 1990 conviction, the Petition is second or successive; and (2) to the extent the Petition challenges Petitioner's 2017 conviction, Petitioner has failed to name the proper respondent and has failed to exhaust available state remedies. In his "Objection," Petitioner states that he "waives" any claim concerning his 2017 conviction in Ventura County Superior Court case number 2014015098 (Objection, p. 1). Therefore, the Petition is deemed amended to allege only a challenge to Petitioner's 1990 conviction in Ventura County Superior Court case number CR-25901.

As indicated above, the Court previously denied on the merits Petitioner's prior petition challenging his 1990 conviction in Ventura County Superior Court case number CR-25901. See Munoz v. Myers, CV 92-5280-WMB(EE). Accordingly, the Court must dismiss the present Petition, as amended, in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under §

2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals to assert federal habeas claims challenging the prior 1990 conviction.[1] Consequently, this Court cannot entertain any such claims. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

///
///
///
///
///
///
///
///

For the foregoing reasons, the Petition is denied and dismissed

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Arthur Munoz has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

without prejudice.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 31, 2018.

/s/ Gary Klausner
GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented this 30th day
of August, 2018, by:

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Assuming arguendo that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein. It is apparent that Petitioner submitted the present Petition to this Court intentionally rather than mistakenly.

6